JOHN F. STAFFORD, Plaintiff in Error, *v.* ALFRED G. LOW, Defendant in Error.

### ERROR TO COOK.

In an action against a surety upon a bail bond, he may plead in defense that the affidavit upon which the *capias ad respondendum* issued, did not show by facts therein stated, that defendant had refused to surrender his estate, or any presumption that he had been guilty of fraud — and if the facts pleaded are true, they will constitute a complete defense to the action.

The officer executing such a capias, it being regular on its face, would be protected.

ON the 29th day of May, 1854, the defendant in error prayed out of the Circuit Court of Cook county a writ of *capias ad respondendum* in his favor, against Henry W. Burlingame, Isaac T. Van Duzer, James C. Pomeroy and Alaza L. Hurd, returnable on the first day of the next term, to be held on the fourth Monday of October, 1854, in action of trespass on the case upon promises, and directed to the sheriff of said county. The writ was marked and indorsed for bail in the sum of $588.32, by virtue of an affidavit filed for that purpose, and on the same day delivered to the sheriff, who, on the 7th day of June, 1854, arrested Burlingame, and thereupon he, with Nelson C. Roe, Ethan A. Bruce and John F. Stafford, as sureties, executed a bail bond of that date to the sheriff, in the penal sum of $1,180, in the usual form. At the return term of the writ, no objection was made to the bail, and the defendant in error, on the 3rd day of December, 1855, recovered judgment against Burlingame for $641.85 damages, and $13.35 costs. On the 29th day of February, 1856, a *fi. fa.* was issued, and on the 6th day of December, 1856, returned "not satisfied." On the 6th day of December, 1856, an affidavit was filed and a *ca. sa.* issued, which was on the same day delivered to the sheriff, who, on the 6th day of March, 1857, returned "that Burlingame was not found in his county." Thereupon, the present action of debt was commenced by the defendant in error against Burlingame, Bruce, Roe and Stafford. Stafford, the plaintiff in error, was served, but the others were not found.

The declaration sets forth the above facts. Stafford appeared and pleaded "that the affidavit upon which the *capias ad respondendum* was issued against Burlingame, upon which Burlingame was held to bail, as alleged in the declaration, did not comply with the statute, and was wholly insufficient in the law, in that the affiant did not show by facts therein stated, or circumstances detailed, either that the defendants had refused to surrender their estate for the benefit of their creditors, or any presumption that said defendants had been guilty of fraud."

To this plea a general demurrer was filed. The court below sustained the demurrer, and rendered judgment for the defendant in error for $1,180, debt, and damages $703.09, and costs; and Stafford brings the case to this court by writ of error.

C. BECKWITH, for Plaintiff in Error.

BALLINGALL & ADAMS, for Defendant in Error.

WALKER, J. This was an action of debt brought on a bail bond by Alfred G. Low against Henry W. Burlingame, Nelson C. Roe, Ethan A. Bruce and John F. Stafford, in the Cook Circuit Court, to the April term, 1857. It is averred in the declaration, that on the 29th day of May, 1854, Low sued out of the Cook Circuit Court a writ of *capias ad respondendum* in his favor and against Burlingame, Isaac T. Van Duzer, James C. Pomeroy and Alaza L. Hurd, returnable to the next October term of that court, in an action of case on promises, and directed to the sheriff of Cook county to execute. It was indorsed for bail in the sum of $588.32, which was on the same day delivered to the sheriff, who on the 7th day of June, 1854, arrested Burlingame, and he, together with Nelson C. Roe, Ethan A. Bruce and John F. Stafford, as his sureties, executed the bail bond sued upon in this case, in the penal sum of $1,180, which was in the usual form. No objection was made to the bail bond at the return term. Afterwards, on the third day of December, 1855, Low recovered a judgment against Burlingame for $641.85 damages, and $13.35 costs. Upon this judgment a *fi. fa.* was issued, and returned, no property found. On the 6th day of December, 1856, Low filed an affidavit on which a *ca. sa.* issued against Burlingame, and was returned not found. That the defendants or either of them had not paid the judgment or surrendered Burlingame in execution, and that the judgment remained unsatisfied. Service in this suit was only had upon defendant Stafford, who filed a plea that the affidavit upon which the *capias ad respondendum* had issued, and upon which Burlingame had been arrested and held to bail as alleged in the declaration, did not comply with the statute and was wholly insufficient in law in this, that the affiant did not show by facts therein stated or circumstances detailed, that the defendants had refused to surrender their estate for the benefit of their creditors, or any presumption that the said defendants had been guilty of fraud. To this plea, the plaintiff filed a general demurrer, which was sustained by the court below, and a judgment was rendered for plaintiff for $1,180 debt, and $703.09

11

damages, and for costs. To reverse this judgment defendant prosecutes this writ of error.

It is urged that this plea avers facts, showing that the affidavit upon which the *capias ad respondendum* issued, was insufficient to authorize that writ to issue, and that the arrest under it was illegal and the bail bond void. The 15th sec. 13th art. of our State Constitution provides, that " No person shall be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." The second section of chap. 14, R. S. 1845, p. 80, provides that " in all actions to be commenced in any court of record in this State, and founded upon any specialty, bill or note in writing, or on the judgment of any court, foreign or domestic, and in all actions of covenant and account, and actions on verbal contracts or assumpsits in law, in which the plaintiff or other credible person can ascertain the sum due or damages sustained, and the same will be in danger of being lost, or the benefit of whatever judgment may be obtained will be in danger, unless the defendant or defendants shall be held to bail, and shall make affidavit thereof before the clerk of the court from which process issues, or a justice of the peace of this State, the clerk shall issue a *capias* and indorse thereon an order or direction to the sheriff or officer to whom such process shall be directed, to hold the defendant or defendants to bail in the sum specified in such affidavit, and it shall be the duty of the sheriff or officer serving such process to take bail accordingly." The third section requires the officer to take a bail bond with sufficient security in a penalty of double the sum for which bail is required, gives the form of the bail bond, and provides for its return. This statute is in direct conflict with the constitution, if it was intended to give a plaintiff the right to imprison his debtor merely by making an oath that the debt will be in danger of being lost, or that the benefit of any judgment he may obtain will be in danger, unless the defendant is held to bail. The constitution has prohibited imprisonment for debt, except when the debtor shall refuse to surrender his property for the benefit of his creditors, or where there is strong presumption of fraud, and until one of these is made to appear, the writ cannot issue, no difference what else may be established. The legislature may undoubtedly impose additional requirements, but have no power to abridge or dispense with those imposed by the constitution. Its requirements are indispensable to the validity of a writ to imprison a defendant for debt. Without the affidavit shows a compliance with the requirements of both the constitution and statute, the clerk has no authority

to issue the writ, and if issued, the sheriff has no power to take bail that will be legal or binding. To hold that he might take a valid bail bond under such a writ, would be to hold that the party, by a violation of the provisions of the constitution, acquired the same rights as if he had acted in accordance with its requirements. A party never can obtain any legal benefit by a violation of the law. Chit. Cont. 513. And a violation of the fundamental law of the State must produce the same effect. While the writ was good as a summons, it was void as a *capias*, for the defendants; but like any other void process which is regular on its face, it would protect the officer executing it, as he need look no farther than to the writ. This plea does substantially show that the affidavit upon which the capias was issued, did not comply with the constitution, and if the facts set up in the plea are true, they constituted a defense to this suit, and the court below erred in sustaining the demurrer and rendering judgment for plaintiff. The judgment of that court should be reversed and the cause remanded.

*Judgment reversed.*