566    SUPREME COURT OF GEORGIA.

Blue, Adm'r, et al. vs. Sheppard et al.

BLUE, ADM'S, ET AL., *vs.* SHEPPARD, ET AL.

Security upon a *ne exeat* bond, when sued thereon, cannot object to the sufficiency of the affidavit upon which the bill was sanctioned.

Debt on ne exeat bond, in Schley Superior Court. Decision by Judge WORRILL, at April Term, 1859.

This was an action of debt brought by Simeon Blue, administrator of Margaret Dowd, deceased, and others, against Samuel Sheppard, and Jeremiah Wyche, and Mary J. Tomlin, on a *ne exeat* bond, executed by Sheppard, as principal, and Wyche and Tomlin, as sureties.

The facts of this case are, that Blue and others, heirs-at-law of Benton W. Dowd, deceased, filed their bill against Samuel Sheppard, administrator of said Dowd, for an account and settlement of the estate of said intestate. Pending this bill, complainants filed a supplemental bill, alleging that Sheppard was about to remove, with all his property, beyond the limits of the State; and praying for a writ of *ne exeat*, to retain defendant, under a sufficient penalty, from going or removing beyond the jurisdiction of the court. This bill was sanctioned, and a writ of *ne exeat* issued, by virtue of which defendant was arrested, and entered into bond, with Jeremiah Wyche and Mary J. Tomlin sureties, in the penalty of six thousand dollars, conditioned that if Sheppard should well and truly satisfy and pay the eventual condemnation in said equity case, then said bond to be void, otherwise, to remain in full force. The equity cause proceeded, and complainants had a verdict for six hundred and eighteen dollars against Sheppard, upon which judgment was entered, and execution issued, and the sheriff returned "no property to be found upon which to levy this *fi. fa.;*" whereupon,

plaintiffs instituted this suit upon said *ne exeat* bond. At the trial, plaintiffs offered and read the bond in evidence. They then tendered in evidence the records of the equity cause, containing the original bill, supplemental bill, writ of *ne exeat*, verdict, judgment, &c. Defendants' counsel objected to their introduction as evidence, on the ground that the affidavit to the supplemental bill praying for the *ne exeat* was not sufficient in law to authorize the granting and issuing of said writ. The court sustained the objection and excluded the evidence, and plaintiffs having no further testimony, the court, upon motion of defendants' counsel, ordered a non-suit. To which rulings and decision, counsel for plaintiffs excepted, and assign the same as error.

BLANDFORD & CRAWFORD, and E. W. MILLER, and STUBBS & HILL, for plaintiffs in error.

ELAM & OLIVER, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

It is true this court has held that in cases of *ne exeat* the affidavit should be positive as to the intention or threats of the debtor to go beyond the jurisdiction of the court. The facts stated in the supplemental bill are charged as coming within the knowledge of the complainant, and we are not prepared to hold that the verification made under these circumstances is not sufficient.

But concede that the affidavit taken in connection with the allegations in the bill, is not sufficient: does not the objection come too late? The bill was demurred to on the ground that it did not aver that the securities, upon the administration bond, were insolvent; and upon no other ground. Is it allowable to cut up a case in this way? and at this distant day to object to the sufficiency of the affidavit—an objection which, if good at all, might

have been taken advantage of by the demurrer? We think not. Had the objection been made at the proper time, and sustained, the proceeding could have been amended while Sheppard was in the State. It comes too late.

It is said that this is the first time the securities to the *ne exeat* bond could be heard. Not so. They act in privity with their principal, and must abide ·by the consequences. Securities on the appeal might just as well claim the right to contest a judgment rendered against their principal when they are sought to be made chargeable with the recovery. They undertake for their principal in view of such liability; and they must abide the consequences whether they result from the neglect or misconduct of their principal. They are entitled at every stage of the proceeding by which they may be ultimately bound to be heard through their principal. It is their folly if they fail to avail themselves of this privilege.

Judgment reversed.