ABBIE L. HOLBROOK *vs.* JOHN F. KLENERT & another.

A bastardy bond, under Gen. Sts. c. 72, § 4, for the defendant's appearance at the next term of the Superior Court, is valid though signed by but one surety.

CONTRACT against the principal and surety of a bond, given in pursuance of the order of a justice of the peace, with the condition that the principal should appear and answer to a bastardy complaint, at the next term of the Superior Court. The bond was signed but by one surety.

The case was submitted in the Superior Court upon an agreed statement of facts.

The defendant Klenert was arrested February 28, 1872, on a warrant in the usual form issued upon a bastardy complaint, in which the plaintiff was the complainant, and brought before Christopher C. Stone, Esq., a justice of the peace.

The justice's record in the case was as follows : "Worcester, ss. Feb. 28th, 1872. By virtue of this warrant, the within named John F. Klenert is brought before me, and the complaint is read to him, and the hearing in said case was continued from time to time till the twenty-ninth day of April, 1872, when, after due hearing, he is thereupon ordered to give bond in the sum of five hundred dollars, with sufficient surety or sureties, for his appearance at the next term of the Superior Court, to be holden at Fitchburg, within and for said county, on the second Monday of June next, with which order the defendant complied ; Amos A. Cotting, surety: Christopher C. Stone, justice of the peace.' The bond was drawn by the magistrate and executed by the defendants in open court, in pursuance of the order , and the defendant Klenert was thereupon discharged from custody. The

complainant duly entered her complaint at the June term of the Superior Court. The defendant Klenert appeared at that term and filed a plea of not guilty, but at the next term did not appear and was defaulted, and upon default was adjudged to be the father of the bastard child, and an order was passed that he pay $125.00 from March 9, 1872 to November 20, 1872, and $2.00 per week afterwards towards the support of the child. Nothing had been paid under the order, and this action was brought to recover the amount alleged to be due to the date of the writ. If the court were of the opinion that the plaintiff could recover, judgment was to be entered for her; if she could not recover, then judgment was to be entered for the defendants.

The court ordered judgment for the plaintiff, and the defendants appealed.

*W. B. Gale*, for the defendants.

*S. R. Townsend*, for the plaintiff.

DEVENS, J. When bonds varying in some respects from the requirements of statutes have been given, there has been always a strong disposition to hold them to be good at common law, if the parties to the instrument were right, and if the bond was in substance that which the obligors had a right to make, and contained no conditions contrary to those which were prescribed by law. Thus in *Freeman* v. *Davis*, 7 Mass. 200, and in *Burroughs* v. *Lowder*, 8 Mass. 373, bonds given by defendants to plaintiffs for the privilege of the prison limits to the principal were held good at common law, although not in double the amount of the debt as required by statute, and in the latter of these cases the bond was so held, although the sureties were not residents of the county, which was also required by statute. The court say therein "that there is no reason why the bond should not be held good at common law, it having been voluntarily entered into for the benefit of the principal, to procure a relaxation of a lawful imprisonment, to which he could not be entitled without giving the bond."

So, where a bond was given by a town treasurer and collector of taxes to the selectmen of the town for the faithful performance of his official duties, the statute requiring such bond to be given to the town, it was held that such bond was valid by the common

law, and that an action might be maintained thereon for the benefit of the town. *Sweetser* v. *Hay*, 2 Gray, 49, and cases cited.

Where bonds have been required by law to be executed by sureties, it has been held in several instances that they were valid against the principal and one surety as bonds at common law, the surety entering voluntarily into the contract in this form.

It was provided by St. 23 H. VI. *c.* 9, that the sheriff should let to bail " upon reasonable sureties of sufficient persons having sufficient " within the county, which statute has been held to have been virtually adopted and made a part of the common law of Massachusetts, subject to such modifications as have been here introduced, and under this statute it has been settled both in England and this Commonwealth that a bail bond with one surety is not for that cause void, but may be enforced against the principal and such surety, although the sheriff himself may be subjected to eventual liability if the surety taken should not have sufficient to respond. *Glezen* v. *Rood*, 2 Met. 490, and cases cited.

In replevin, also, the law providing that upon the service of the writ the replevin bond shall be given with " sufficient sureties " to the defendant therein, it has been held that while the writ might be abated if it was promptly pleaded that a bond had been taken with only one surety, yet that the bond itself was not on that account void, but could be enforced against the plaintiff in replevin and such surety. It would be obviously unjust to the defendant in such an action, if the plaintiff should obtain possession of goods, by means of a bond thus irregular in form, and should then be able to avoid it. *Morse* v. *Hodsdon*, 5 Mass. 314. *Simonds* v. *Parker*, 1 Met. 508. *Wolcott* v. *Mead*, 12 Met. 516. *Claflin* v. *Thayer*, 13 Gray, 459.

Applying these principles to the present case, we find that the principal defendant gave the bond in suit under the Gen. Sts. *c.* 72, § 4, by which it is provided that " the court or justice before whom the warrant is returnable may after due hearing require the accused to give bond, with sufficient sureties, to appear," &c. The order of the magistrate permitted the principal " to give surety or sureties," and this bond was thereupon given, which in

all respects conforms to the statute, unless in the fact that it is signed by a single surety. It is made to the right party, the plaintiff in the process in which the principal had been arrested, and upon the execution of it he was released from custody. Even, therefore, if we should hold that the non-compliance with the provisions of the statute renders the bond invalid as a statute bond, it is still good at common law. The principal who was in custody cannot complain that he was subjected to any duress by being permitted to give a bond either " with surety or sureties,' nor can the surety who entered into this undertaking voluntarily, and secured the release of the principal thereby, object any more than could the single surety in the cases to which we have heretofore adverted.  *Judgment affirmed.*