Mr. STORRS: We will, your honor.

---

*(Circuit Court of Cook County.)*

### John L. Beveridge, for Use of Oliver Smith

### vs.

### Estate of M. O. Walker.

(January 14, 1878.)

BAIL. Where a claim on a bail bond is filed against the estate of the surety in the bond, the evidence must show that the bond required by the statute was taken according to every requirement of the law, or it will be illegal and void, and where the evidence shows affirmatively that it was not so taken such claim will not be allowed.

*Miller & Frost,* attorneys for plaintiff.
*E. A. Small,* attorney for defendant.

ROGERS, J.:—

The statute in force when the bail was taken, in the original suit of *Smith v. Aylesworth,* required (1) an affidavit setting out the nature and cause of action, with the facts in relation thereto, to be delivered to the clerk of the court, who (if upon examination thereof he was satisfied that sufficient cause was shown) issued (2) a *capias ad respondendum* for the arrest of the defendant, (3) with an indorsement thereon of an order specifying in what amount the defendant should be required to give bail; (4) which writ the sheriff was re-

4

quired to serve and to take bail accordingly; that is, (5) a bail bond 'to himself, with sufficient security in a penalty double the sum for which bail was required; (6) and this bond was to be returned with the writ on the first day of the term of the court to which the writ was returnable. (7) The bail so taken was deemed special bail, and could be proceeded against by action of debt, in the name of the plaintiff in the original action, except when the bail was adjudged insufficient by the court; but no suit could be commenced upon such bail bond until a *capias ad satisfaciendum* had been issued against the defendant in the original suit and been returned that the defendant was not found in the county in which he had been arrested. In this case, a claim on bail bond, filed in the county court by *Smith v. The Estate of M. O. Walker, deceased,* security in the bond, which is here on appeal from that court, it appears, by proof satisfactory to me, that the plaintiff filed an affidavit (in the original suit) for the purpose of procuring a writ for the arrest of Aylesworth; that the clerk issued the writ, with an order thereon specifying *some* amount for which the defendant should be required to give bail, but there is no sufficient proof of the *actual sum* (the evidence leaving it indefinite)—either $3,000 or $3,500, but which it is altogether uncertain, while the presumption arising from the amount of the bail bond, $3,000, is that the order on the writ specified $1,500 as the amount of bail required. It also appears that the sheriff, under that writ, arrested the defendant, and that he gave a bail bond, with M. O. Walker as security, in the penal sum of $3,000, with conditions as required by law, and substantially as those in the copy of bond filed as the foundation of plaintiff's claim in this case; and that this bond was returned to the court with the writ. This bond, together with the writ and all other parts of the record,—affidavit, declaration, etc., —were destroyed in the great fire in this city on the 8th and 9th of October, 1871.

The original records of this suit of *Smith v. Aylesworth* being thus destroyed, the plaintiff filed a petition in June, 1873, under what is commonly known as the ''Burnt Rec-

ords Act," to have them restored; or rather, in the language of the petition, he presented a "*draught* affidavit and declaration substantially the same in matter and form as the originals on file in said cause, and which were destroyed as aforesaid," and prayed "for an order declaring the said *draught* affidavit and declaration be a substitute for the said original record, so far as the same may extend in supplying the defect caused by the destruction of the same."

The act under which he filed this petition required the party interested (plaintiff) to make a written application to the court, verified by affidavit showing the destruction thereof and the substance of the record so destroyed, and that such destruction of such record, unless supplied, would result in damage to the party, and thereupon the court should order such application to be entered of record and *due notice* of said application to be given that it would be heard by the court. And upon hearing, said court should make an order reciting what was the substance and effect of said destroyed record; which order was to be entered of record, and have the same effect which said original record would have if the record had not been destroyed, *so far as concerns the party* making the application and the *person who had been notified* as provided for in the act. Upon this application the court made an order in substance, "that the case be and it is hereby restored."

There was no order entered of record reciting what was the *substance and effect* of said destroyed record, but the substituted declaration and affidavit were filed, and thereby, it is claimed, were made records. But copies of the original writ, the order thereon fixing amount of bail required, the return on the writ and the bail bond, were not filed, and no order made reciting the substance and effect thereof.

If it was necessary to have the destroyed records restored in order to charge the parties, then there is a fatal omission in not restoring the bond, writ, order fixing amount of bail and the sheriff's return on said writ. And, even if this had been restored, still as to Walker they would not have the same effect as the originals would, because he was not noti-

fied of the application or hearing as required by the statute, in order to charge him, or that they should have that effect. He was no party to the suit, and it is true that it was not necessary to restore the suit and the records thereof, that he should have notice; that is, it could proceed to trial and judgment as it did, and be effectual as against Aylesworth, who had notice of the application, and who in fact appeared and defended it. But if Walker was to be charged on the bond and held as bail, he should have been served with, and was entitled to, notice of the proceeding before his interests could be affected. If notified, he could have appeared—could have had a day in court—to see that the copy of the bond was a correct copy of the one he executed and that the bond was such as was required by the statute, and if not, to have the bond quashed or himself released therefrom by reason of its invalidity.

But suppose it was not necessary to restore the bond, writ, order fixing amount of bail and return of the sheriff on the writ, and that Walker or his administrator could be sued upon it as a lost or destroyed bond, as in the loss or destruction of any record, bond or note (as I am inclined to think), still the question remains, has a case been made out to charge his estate?

As to the execution of a bond, substantially such as is sued on, and that it was taken as bail on the arrest of Aylesworth I have no doubt. But was it a valid bond? Was it taken for the amount required by the order of the clerk, indorsed on the writ? There is no proof that it was; the precise amount of bail required not having been shown. This is necessary to show the validity of the bond. It devolved on the plaintiff, not only to prove the execution of a bond and its contents (the original being lost), but the prerequisites, according to the allegations of his affidavit of claim filed in this case.

The claim having been objected to, the affidavit stands in the place of a declaration in an ordinary suit, and the claimant is required to prove all its material allegations.

In the affidavit, the claimant has averred that Smith brought suit against Aylesworth, filed his affidavit for a *capias ad respondendum,* that *the court* (should have been, that the *clerk*) ordered that the defendant be held to bail in the sum of $3,000; that the writ was issued, bail was given in the sum of $3,000, and that the writ was returned, etc. Those were material allegations, necessary to show the liability of Walker's estate, and as such the claimant is required to prove them. He has failed in this, that he did not show the amount of bail required, nor the return of the officer on the writ.

But it is insisted by claimant's attorneys that it was sufficient to prove the bond—its execution and conditions; that it was given to release Aylesworth; that it was returned to court; that judgment was rendered; that a *ca. sa* was issued and returned that the defendant was not found. If Walker was alive and this was an ordinary action of debt on the bond, with such averments as are contained in the affidavit of claim, and he had put in issue, by pleas, those averments, then such proof, alone, would not have been sufficient to authorize a finding in the plaintiff's favor. But here he is dead, and this proceeding is by claim filed against his estate, and all defenses may be interposed without technical pleading. The claim is objected to, and it becomes necessary for the claimant to make all the proof that would be required on pleas of *nul tiel record, non est factum,* or that the bond was void because it was not taken for the amount indorsed on the writ.

In *Stafford v. Low,* 20 Ill. 152, in an action on a bail bond, the defendant plead that the affidavit in the original suit upon which the writ was issued, and upon which the defendant was held to bail, did not comply with the statute, and was insufficient in law, in not stating facts, etc., and that the arrest under the writ was illegal, and the bail bond was therefore void. The supreme court held the plea to be good. The requirements of the statute had not been complied with, and the bond was void. So here, there is no proof of the

exact amount of the bail required by order of the clerk indorsed on the writ of *capias ad respondendum,* nor of the precise return of the sheriff.

We are asked to presume that the officer did what the law required; that he made a return of the arrest, the giving of bail, and that the bail bond was filed with his writ so returned; but it is dangerous to render judgments on mere presumptions of compliance with official duty. And if such presumptions are allowed with such serious effect, then we must presume, also, that as the bond was for $3,000, the order on the writ requiring bail was in the sum of $1,500; for the statute required the sheriff to take bond with a penalty *double* the amount of bail required, and he in fact took it for $3,000. Then there is a variance between the proof on presumptions and the allegation in the affidavit, that the amount required by the clerk by his order on the writ was $3,000. But in view of the evidence of Mr. Rockwell, the presumption that the sheriff took the bond required by law cannot arise, because his testimony (and there is no other in the case upon that point) is, that by the order of the clerk the amount of bail required was either *$3,000* or *$3,500;* then of course, under the statute, the sheriff should have required bail in double the amount, and the penalty of the bond would have been either $6,000 or $7,000. So in any point of view the bond required by the statute was not taken; or, to say the least of it, it is not shown by the evidence that it was according to the requirement of the law, or the order of the clerk. If not the bond required, then it was and is illegal and void.

So far from the evidence showing that the bond was in accordance with the requirements of the statute, I am satisfied it shows affirmatively that it was not.

I must therefore disallow the claim, and sustain the order of the county court, from which this appeal was taken. Order sustained.