JONATHAN A. BARTLETT, and another, appellant from decree of Judge of probate, petitioners for leave to enter their appeal.

Oxford. Opinion December 28, 1889.

*Probate. Appeal. Bond. Sureties. R. S., c. 63, § 24.*

The right of appeal from the decision of the judge of probate is conditional, and such appeal can be prosecuted only upon complying with the requisites of the statute relating to such appeals.

By R. S., c. 63, § 24, "the appellant shall file in the probate office his bond to the adverse party, or to the judge of probate, for the benefit of the adverse party, for such sum and with such sureties as the judge approves.

A bond with only one surety is not such a bond as the law contemplates.

ON EXCEPTIONS.

*J. P. Swasey*, for appellants.

*G. D. Bisbee*, for adverse party.

FOSTER, J. The appellants, heirs at law of Sarah J. Walker,

deceased, asked leave to enter their appeal from the decree of the judge of probate in admitting to probate an instrument purporting to be her last will and testament.

The adverse party objected to the entry of the appeal on the ground that no sufficient bond had been filed in the probate court, and thereupon the presiding justice declined to allow the entry of the appeal.

The decision of the court was correct.

Giving the most favorable construction to the bond in question that the law will allow, there was but one surety upon it. This was an irregularity sufficient to warrant the court in declining to allow the entry of the appeal. The right of appeal is conditional. It can be presented only upon complying with the requisites of the statute relating to such appeals. Those requisites provide that "the appellant shall file in the probate office his bond to the adverse party, or to the judge of probate for the benefit of the adverse party, for such sum and with such sureties as the judge approves, etc." R. S., c. 63, § 24.

The legislature has seen fit to declare upon what conditions a party claiming an appeal shall have the right to prosecute it. It is a statute right, and the terms of the statute must be complied with before a party appealing can be held to be aggrieved at the refusal of the court to allow an appeal to be entered, where objection is made.

While it may be conceded there is a discretionary power vested in the judge of probate authorizing him to approve of the sum for which such bond may be given, and the pecuniary ability of the sureties signing it, yet he has no such discretion as would authorize him to dispense with any of the requisites to such bonds expressly provided by statute. And hence his approval of this bond could only extend to such matters as fell within his discretion. The bond which an appellant is to file as a prerequisite to his appeal is one with sureties. The statute contemplates that there should be more than one surety. It is for the benefit of the adverse party who is entitled to the protection afforded by the statute.

To be sure, there are cases where bonds have been required by

law to be executed by sureties, and the courts have held that they were valid against the principal and one surety as bonds at common law, the surety entering voluntarily into the contract in this form. But they were cases where the party for whose benefit they were given brought suit upon them, thereby ratifying instead of objecting to their informality. *Holbrook* v. *Klenert*, 113 Mass. 268; *Tuck* v. *Moses*, 54 Maine, 115, 119.

In replevin, where it is required, before serving the writ, that the officer shall take from the plaintiff, or some one in his behalf, a bond to the defendant with sufficient sureties in double the value of the goods replevied, it has been held that a bond with only one surety was fatally defective, unless the defect was waived by the defendant in not seasonably taking advantage of such irregularity. *Greely* v. *Currier*, 39 Maine, 516 ; *Hall* v. *Monroe*, 73 Maine, 123, 124 ; *Tuck* v. *Moses, supra.*

In the case at bar there has been no waiver, and the objection was properly and seasonably taken.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.