THE PEOPLE *ex rel.* M. Mohlenbrock

*v.*

A. E. PIKE *et al.*

*Opinion filed June 19, 1902.*

1. MUNICIPAL CORPORATIONS—*terms "town" and "village" are synonymous.* The facts that a village adopts the name of "The Town of Campbell Hill" upon its organization, and that it may have been designated as a town in some of the proceedings for organization, do not invalidate the proceedings if the statute was followed, since the terms "town" and "village" are synonymous, in law.

2. SAME—*presumption is in favor of legal existence after lapse of years.* Municipal corporations being a public necessity, the law will indulge a presumption in favor of their legal existence after a long continued use of corporate powers with the acquiescence of the public.

3. SAME—*when legal organization need not be strictly proved in quo warranto.* After a lapse of more than twenty years, during which the territory has exercised all the functions of a municipal government with public acquiescence, strict proof of legal organization will not be required in *quo warranto*, and the defendants need make only such proof as the nature of the case will permit.

4. EVIDENCE—*what sufficient evidence of legality of petition.* If the petition for village organization is lost or destroyed, testimony by one of the circulators of the petition that thirty legal voters signed it; that the names he had put down from memory on the restored petition were substantially correct, and if he had made mistakes in the names there were other legal voters who had signed in their stead, is sufficient to justify the court, after more than twenty years, in finding there was a legal petition.

5. QUO WARRANTO—*costs may be adjudged against relator.* Under section 6 of the Quo Warranto act, if judgment is for the defendants to an information in the nature of *quo warranto* it is proper to give judgment against the relator for costs.

197—19

APPEAL from the Circuit Court of Jackson county; the Hon. O. A. HARKER, Judge, presiding.

This is an information in the name of the People, by Herbert, State's attorney, on the relation of Mohlenbrock, filed in the circuit court of Jackson county, for the purpose of testing the validity of the organization of the town of Campbell Hill under the general Incorporation act, brought against the defendants, acting as the town officers of such village, requiring them to show by what warrant or authority they exercise the right to such offices. The information charges that the defendants had assumed to execute, and still do execute, the said town offices without any warrant of law or right whatsoever, there being no legal organization of the town of Campbell Hill. To this information there were filed three general pleas: First, justification as to the incorporation, and also as to the election and qualification of the officers of the corporation, who were made defendants; second, twenty years' limitation; and third, the incorporation of the village of Campbell Hill under the name of "The Town of Campbell Hill," and that from that time to the present said corporation continued to perform the functions of a village and now contains a population of about six hundred, and was duly organized under the general Incorporation act; that said corporation has expended large sums of money in the improvement of its streets, alleys and sidewalks, and has acquired real estate, including a park, to the value of $10,000; that the father of relator conveyed, by gift and otherwise, large portions of real estate to said corporation during his lifetime; that a large portion of the territory included within the limits of this corporation has been laid out into lots, blocks and additions thereto; that school houses, churches, residences and business houses have been erected within said corporation. Upon these pleas issue was joined.

Upon the trial below it was contended by appellants that at the time the petition was presented to the county court for the organization of the village of Campbell Hill there was not the requisite number of three hundred inhabitants in the proposed limits of the territory sought to be incorporated, and that thirty legal voters within the limits of such proposed village had not petitioned the county judge of the county in which they resided to cause the question to be submitted to the legal voters of such proposed village whether they would organize as a village. The evidence showed that the original papers presented to the county judge had been lost, and that no record made at the time could be found in the files of the county court; that on the *ex parte* application of the village the county court heard evidence as to the loss of the original papers, records and contents of the same, and permitted them to be supplied on the files and records of the court, and that they were ordered to be filed *nunc pro tunc*. No notice, of any kind, of the application to restore the records was given, but the records, as so restored, were admitted in evidence over the objections of appellants. Appellees, on the hearing, also introduced secondary evidence showing the contents of the petition and each and all steps taken in the election for incorporation of the village and the election of the first town officers. The evidence also shows that if the incorporation of the village is defeated the title to practically all the streets, and to a public park worth about $2000, will revert to the relator as an heir and grantee of the other heirs of the donor of the streets and park. The judgment below was against the relator.

JOHN M. HERBERT, and JAMES H. MARTIN, for appellants.

R. J. McELVAIN, C. H. LAYMAN, and A. G. GORDON, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellants contend that the general Incorporation act of 1874, in force at the time of the organization of the town of Campbell Hill, does not provide for the incorporation of towns, but only for cities and villages. This objection is without merit. This act merely prohibits incorporation of towns under former laws, and provides that towns hereafter incorporated shall be incorporated under this act. The record in this case, however, shows that when the question was submitted to a vote of the legal voters of the territory to be incorporated, the county judge and the two justices of the peace, who, under the statute, were to count and canvass the votes, found "that all of said votes were cast 'For village organization under the general law.'" It does appear, however, that this village adopted the name of "The Town of Campbell Hill," and it may be that in some of the proceedings for organization it was designated as a town. That, however, could not invalidate the proceedings if the statute in regard to the incorporation of cities and villages was followed. It has been held a number of times that within the meaning of the law the terms "town" and "village" are synonymous. *Martin* v. *People ex rel.* 87 Ill. 524; *Phillips* v. *Town of Scales Mound,* 195 id. 353; *Enfield* v. *Jordan,* 119 U. S. 686.

It is next contended that appellees have not shown that the statute has been complied with, for the reason that the evidence does not show that there were three hundred inhabitants within the proposed territory, or that thirty voters, residents of the territory to be incorporated, signed the petition. Upon this question there is a great conflict in the evidence. George A. Gordon appeared as a witness and testified to the fact that he and Jesse H. Ward, who is now dead, circulated the petition amongst the inhabitants of the territory and secured the signatures of not less than thirty voters, residents there-

of, and that he and Mr. Ward at that time canvassed the said territory for the purpose of determining the number of the inhabitants thereof; that the territory originally intended to be incorporated embraced about two hundred and eighty inhabitants, and that thereupon it was determined to take into said corporation and into said petition additional territory. After taking in this additional territory the total number of inhabitants was about three hundred and sixteen, and he swears positively that from actual count at that time the territory mentioned in the petition contained more than three hundred inhabitants. This testimony of Mr. Gordon is corroborated with more or less force by the testimony of the witnesses Stoffel, Underwood, Francis and Cluster, the latter of whom assisted in holding the first two elections and was a member of the first board of trustees of the village. Opposed to the testimony of the defendants is that of Mohlenbrock, the relator, who, at the time of the incorporation, was about nine years old, and who testified that at that time he knew all the inhabitants of the proposed territory, and proceeded to name them. He makes up a list of one hundred and thirty residents, and in answer to a question by the court states that he could not have omitted more than seventy, and that he would swear positively that there were not over two hundred inhabitants in the proposed territory. His testimony is corroborated with more or less force by Benson, who was about seventeen years old at the time of the incorporation, and who at the time of the trial was in the employ of the relator; by Dowen, who was in the employ of the relator until about two years prior to the trial, and by Bagwell, who had been in the employ of the family of the relator for over twenty years. The testimony of these three witnesses is based upon the list of names prepared by the relator, and is, in effect, that they can remember no other residents of the territory than stated in such list.

While it is true that in proceedings by information in the nature of *quo warranto* the burden of proof generally lies on the defendant and the People are not bound to show anything, yet in this class of cases the defendants will be required to make only such proof as the nature of the case will permit. As the statute has provided no means by which the fact that the territory contained the requisite number of inhabitants may be perpetuated, we are not disposed to hold, after the lapse of more than twenty years, during which time the territory has exercised, with the acquiescence of the People, all the functions of a municipal government, that strict proof of the legal organization of the village will be required. Municipal corporations being required by public necessity, the law itself, for the purpose of strengthening the infirmity of evidence and upholding the public peace and the security of private property, will indulge, after long continued use of corporate powers and the public acquiescence, in presumptions in favor of their legal existence. The policy of the law is to sustain rather than to defeat them. (*Jameson* v. *People,* 16 Ill. 257; *Chicago City Railway Co.* v. *People,* 73 id. 541.) In this case about twenty-four years had intervened between the incorporation of the village and the time of trial, and we are not inclined to hold it necessary that the village must show, clearly and conclusively, the requisite number of inhabitants of the village at the time of the organization. The testimony, however, of one of the circulators of the petition, who testifies that the number exceeded three hundred, being, in his opinion, three hundred and sixteen, is entitled to great weight, and ought not to be overcome by the testimony of Mohlenbrock and the witnesses offered by him, to the effect that after twenty-five years they could remember no more than one hundred and thirty inhabitants of the territory at that time.

It is also objected that the petition is not signed by thirty legal voters of the territory, inasmuch as there

was positive proof that nine of the persons whose names appear on the restored petition were irregular, having either not signed it or else were non-residents of the territory. Mr. Gordon testified he prepared this restored petition about twenty-three or twenty-four years after the incorporation of the village; that thirty legal voters of said territory actually signed the petition, and that the men whose names he put down from memory were substantially the thirty men who signed the original petition, and that if such persons were not all the real ones who did sign, then there were other legal voters who did sign in their stead. We think this sufficient evidence to justify the holding of the court of a sufficient petition in this case.

It is next objected by appellants that the supplied records of the county court, showing the presentation of the petition and organization of the village, were not properly restored, as no notice was given to any one of the proceedings to supply the same. It is unnecessary to pass on this point, as it was shown that the original papers had been lost or destroyed and were not within the possession of appellees, and we held in *Rose Hill and Evanston Road Co.* v. *People*, 115 Ill. 133, that where the certificate of the intention to incorporate a company had been destroyed, as well as the record thereof, parol evidence may be resorted to to prove its contents, and also that it is not necessary that the testimony shall be so full as to the substantial statements of such certificate as that it might thereby be re-produced, but it will be sufficient if it shows the certificate contained the statements of the statute. In the case before us, the county judge to whom the petition was addressed and who called the election to incorporate the village, testified that the statute had been strictly followed; that the law had just gone into effect, and he was very particular to see that each and every one of its provisions was strictly observed. In the *Rose Hill case, supra*, we held that where it

was shown that the papers were drawn up and prepared by an attorney, who would be likely to make it conform to the statute, and long acquiescence in the use of the corporate franchise, these facts aid in the presumption which may be made by time, to supply any deficiency which appears in the proof of the contents of the incorporation papers. The provisions of the Burnt Records act are not exclusive, but merely cumulative upon the rights and remedies existing independently of its provisions, and records are to be deemed in law to be still existing and binding upon the parties whose rights are affected thereby, although, in point of fact, they have been destroyed. *Beveridge* v. *Chetlain*, 1 Ill. App. 231; 19 Am. & Eng. Ency. of Law, (2d ed.) 563.

Under the issues as made up in this case the questions for the trial court were mainly those of fact. A jury was waived and the cause was tried before the court. In our review of the case his findings upon matters of fact must be accorded the same weight as would the verdict of a jury. He saw the witnesses, heard them testify, and from their evidence, their demeanor upon the stand and their interest, as appeared from the evidence, found the issues for appellees. If he deemed the witnesses of appellees more worthy of credit than those of appellants, there was ample evidence in the record to sustain his findings. We are unable to say, after a careful review of all the evidence, that the conclusion of the court upon matters of fact was manifestly against the weight of the evidence.

It is next objected that the court erred in taxing the costs of the proceeding against the relator. This contention is without force or merit of any kind whatever. Section 6 of chapter 112, entitled "Quo Warranto," (Hurd's Stat. 1899, p. 1301,) provides: "Whenever judgment is given for any defendant in such information, the person or corporation to whom judgment is given shall recover costs against the relator." Hence the judgment against relator for costs was proper.            *Judgment affirmed.*