## Michael Zimmer, former Sheriff, for use of Anna Brown, Appellee, v. B. A. L. Thompson, Appellant.

### Gen. No. 23,811.

1. NE EXEAT, § 4*—*when surety cannot complain of insufficiency of petition.* In a suit against the surety on a *ne exeat* bond given by the defendant in a separate maintenance suit, the surety cannot question the sufficiency of the petition in the separate maintenance proceeding.

2. NE EXEAT, § 4*—*who required to sign bond.* It is not essential that the bond required of one in whose behalf a writ of *ne exeat* is issued be executed by any other than such person.

3. NE EXEAT, § 4*—*when surety may not complain of insufficiency of bond.* The surety on a *ne exeat* bond cannot, where no motion has been made to quash the writ and he has not surrendered or attempted to surrender his principal, be heard, in a suit on the bond, to complain of the insufficiency of the bond given by complainant on the issue of the writ.

4. NE EXEAT, § 4*—*when surety estopped to complain of irregularities in proceedings in which bond was issued.* Even though there were irregularities in the separate maintenance proceedings wherein a writ of *ne exeat* was issued, the surety on a *ne exeat* bond whereunder his principal was released is estopped to complain of such irregularities in a suit on the bond, and the bond is good as a common-law obligation.

5. NE EXEAT, § 4*—*when surety estopped by recitals in bond.* The recitals in a *ne exeat* bond that the defendant in a separate maintenance suit had been arrested by virtue of a writ of *ne exeat* issued out of the Circuit Court of Cook county, Illinois, on the complaint of the complainant, by which writ the sheriff was required to hold such defendant, imply that the requisite preliminaries as to issuing a writ were had and estop the surety on the *ne exeat* bond from raising any question as to them in an action on the bond.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918. Rehearing denied July 5, 1918.

WILLIAM B. DENMARK, for appellant; HENRY D. COGHLAN and JOHN B. DANDRIDGE, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXI 31

DANIEL ANDERSON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is a suit brought on a *ne exeat* bond by the sheriff for the use of Anna Brown against B. A. L. Thompson, surety on the bond. At the close of all the evidence there was a directed verdict in favor of plaintiff for $500, upon which judgment was entered, to reverse which defendant prosecutes this appeal.

The record discloses that Anna Brown brought a suit for separate maintenance against her husband, John Radcliff Brown. She also filed a verified petition praying that the People's writ of *ne exeat republica* issue against the defendant in that suit, that he might be prevented from departing from the jurisdiction of the court. An additional affidavit was filed in support of the petition, and the writ was awarded, upon condition that the complainant file a bond in the sum of $200 with good and sufficient security conditioned according to law, and that the defendant, John Radcliff Brown, might be admitted to bail upon giving bond with security in the sum of $500. Complainant there, Anna Brown, entered into a bond in the sum of $200, which was approved by the court and the writ issued. The defendant in that case was then taken into custody and released upon giving a bond in the sum of $500 with the defendant in the instant case as surety, which bond is the basis of this suit.

The defendant contends: First, that the petition filed by Anna Brown in the separate maintenance suit upon which the writ of *ne exeat republica* was issued was not sufficient in law or equity to warrant the issuance of the writ; second, that the issuance of the writ was without warrant of law, for the reason that the complainant in that proceeding did not give the bond required by the statute; and third, that by

the return of the writ by the sheriff issue was joined and that the separate maintenance suit was terminated in favor of complainant, but no disposition was made of the issues made by the petition, and for these three reasons the arrest of the defendant Brown in that case was illegal and the bond in suit void.

If we assume that the petition of the complainant in the chancery proceeding was insufficient as contended for, this would avail the defendant nothing, for if it was merely insufficient, it nevertheless conferred jurisdiction on the court, and if the defendant in that case desired to raise such question, he should have done so then, and, having failed, it cannot be questioned in this collateral proceeding. *Hogue v. Corbit,* 156 Ill. 540; *Blue v. Sheppard,* 28 Ga. 566.

To the contention that the issuance of the writ was void for the reason that the complainant did not give a bond as required by the statute, it is sufficient to say that the defendant offered in evidence a bond executed by the complainant in the sum of $200, as ordered and approved by the court. If the objection is that this bond was not executed by any person except the complainant, we think it is without merit. Section 11, ch. 97, Rev. St. (J. & A. ¶ 7617), provides that the court, after the issuance of a writ of *ne exeat republica,* may at any time determine whether it ought not to be quashed or set aside, and section 9 of the same chapter (J. & A. ¶ 7615) authorizes the defendant here as surety on the bond in suit to at any time surrender the person taken under the writ and to be discharged from his obligation on the bond. No motion was made to quash the writ, and the defendant did not surrender or attempt to surrender his principal, and cannot in this collateral proceeding be heard to complain. Moreover, even if it be conceded that there was any irregularity in the separate maintenance proceeding, the bond in suit is good as a common-law obli-

gation. By signing the bond the defendant procured the release of his principal—the bond accomplished the purpose desired—and the defendant is now estopped to question its validity.

The case of *Stafford v. Low*, 20 Ill. 152, on which the defendant relies for reversal, is not in point. That was an action of debt against the surety on a bond given to secure the release of a person taken on a writ of *capias ad respondendum*. The court there held that the surety could question the sufficiency of the affidavit which was the basis for the issuance of the writ, and this conclusion seems to have been reached for the reason that the proceeding was in the nature of an imprisonment for debt, which is forbidden by our constitution. It has been repeatedly held by our Supreme Court that commitment for nonpayment of alimony is not imprisonment for debt, within the meaning of our constitution. *Barclay v. Barclay*, 184 Ill. 375; *Wightman v. Wightman*, 45 Ill. 167.

The contention that the proceedings under the petition for the writ have not been disposed of, we think, can in no way affect the matter. Again, if the defendant in the chancery suit thought that the writ was improperly issued, he should have taken steps in that case to have it quashed, and, having failed to do so, the defendant in this case is in no position to complain, since the court had jurisdiction. But there is another reason why defendant cannot prevail here. The bond in suit, which he executed, recites that the defendant in the separate maintenance suit had been arrested by virtue of a writ of *ne exeat* issued out of the Circuit Court of Cook county, Illinois, on the complaint of the complainant, by which writ the sheriff was required to hold the defendant in that case. This implies that the requisite preliminaries with reference to the issuing of the writ were had. *Shattuck v. People*, 5 Ill. 478. And defendant is, therefore, estopped by the recitals in the bond

from raising any question as to the preliminary requirements. *Kepley v. People,* 123 Ill. 367.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*